IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **VERSATA SOFTWARE, INC., F/K/A TRILOGY SOFTWARE, INC.; and VERSATA DEVELOPMENT GROUP, INC., F/K/A TRILOGY DEVELOPMENT GROUP, INC.** § § § § § § § Plaintiffs, § § v. § § **PLANVIEW, INC.**, § § Defendant. § | CASE NO.: 1:12-CV-00916-SS  **JURY TRIAL DEMANDED** |

### PLANVIEW, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO ORIGINAL COMPLAINT

Defendant Planview, Inc. ("Planview"), through undersigned counsel, answers the Original Complaint for Patent Infringement ("Complaint") of Plaintiffs Versata Software, Inc., f/k/a Trilogy Software, Inc. and Versata Development Group, Inc., f/k/a Trilogy Development Group, Inc. (collectively "Versata") as follows:

### PARTIES

1. In response to paragraph 1, Planview lacks sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies them on that basis.

2. In response to paragraph 2, Planview lacks sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies them on that basis.

3. In response to paragraph 3, Planview admits that it is a Texas corporation and its principal place of business is 8300 North Mopac #300, Austin, Texas 78759.

## JURISDICTION AND VENUE

4. In response to paragraph 4, Planview admits that the Complaint purports to set forth an action for patent infringement under 35 U.S.C. § 271.

5. In response to paragraph 5, Planview admits that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. In response to paragraph 6, Planview admits that venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b).

## FACTS

7. In response to paragraph 7, Planview admits that Versata purports to attach a true and correct copy of U.S. Patent No. 5,432,934 (the "'934 Patent") as Exhibit A to the Complaint. Planview denies that the '934 Patent was duly and legally issued by the USPTO. Planview lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them on that basis.

8. In response to paragraph 8, Planview admits that Versata purports to attach a true and correct copy of U.S. Patent No. 6,647,396 (the "'396 Patent") as Exhibit B to the Complaint. Planview denies that the '396 Patent was duly and legally issued by the USPTO. Planview lacks

sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them on that basis.

9. In response to paragraph 9, Planview admits that Versata purports to attach a true and correct copy of U.S. Patent No. 6,674,450 (the "'450 Patent") as Exhibit C to the Complaint. Planview denies that the '450 Patent was duly and legally issued by the USPTO. Planview lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them on that basis.

10. In response to paragraph 10, Planview admits that Versata purports to attach a true and correct copy of U.S. Patent No. 6,907,414 (the "'414 Patent") as Exhibit D to the Complaint. Planview denies that the '414 Patent was duly and legally issued by the USPTO. Planview lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them on that basis.

11. In response to paragraph 11, Planview admits that it sells Planview Enterprise and other software products to customers in the United Sates, including in this Judicial District. Planview also admits that it makes Planview Enterprise and other software products. Planview lacks sufficient information or knowledge to form a belief as to the truth of any remaining allegations of this paragraph, and therefore denies any such allegations on that basis.

12. Planview denies the allegations of paragraph 12.

13. Planview denies the allegations of paragraph 13.

## COUNT I: INFRINGEMENT OF THE '934 PATENT

14. In response to paragraph 14, Planview re-alleges and re-incorporates by reference herein the averments contained in paragraphs 1-13 above.

15. Planview denies the allegations of paragraph 15.

16. Planview denies the allegations of paragraph 16.

17. Planview denies the allegations of paragraph 17.

18. In response to paragraph 18, Planview admits that its receipt of the Complaint provided knowledge of the '934 Patent and that the filing of the Complaint constituted notice under 35 U.S.C. § 287(a). Planview denies having knowledge of the '934 Patent or notice of Versata's infringement allegations prior to receipt of the Complaint. Planview denies any and all remaining allegations of this paragraph.

## COUNT II: INFRINGEMENT OF THE '396 PATENT

19. In response to paragraph 19, Planview re-alleges and re-incorporates by reference herein the averments contained in paragraphs 1-18 above.

20. Planview denies the allegations of paragraph 20.

21. Planview denies the allegations of paragraph 21.

22. Planview denies the allegations of paragraph 22.

23. In response to paragraph 23, Planview admits that its receipt of the Complaint provided knowledge of the '396 Patent and that the filing of the Complaint constituted notice under 35 U.S.C. § 287(a). Planview denies having knowledge of the '396 Patent or notice of

Versata's infringement allegations prior to receipt of the Complaint. Planview denies any and all remaining allegations of this paragraph.

### COUNT III: INFRINGEMENT OF THE '450 PATENT

24. In response to paragraph 24, Planview re-alleges and re-incorporates by reference herein the averments contained in paragraphs 1-23 above.

25. Planview denies the allegations of paragraph 25.

26. Planview denies the allegations of paragraph 26.

27. Planview denies the allegations of paragraph 27.

28. In response to paragraph 28, Planview admits that its receipt of the Complaint provided knowledge of the '450 Patent and that the filing of the Complaint constituted notice under 35 U.S.C. § 287(a). Planview denies having knowledge of the '450 Patent or notice of Versata's infringement allegations prior to receipt of the Complaint. Planview denies any and all remaining allegations of this paragraph.

### COUNT IV: INFRINGEMENT OF THE '414 PATENT

29. Planview re-alleges and re-incorporates by reference herein the averments contained in paragraphs 1-28 above. Planview denies the allegations of paragraph 29.

30. Planview denies the allegations of paragraph 30.

31. Planview denies the allegations of paragraph 31.

32. In response to paragraph 32, Planview admits that its receipt of the Complaint provided knowledge of the '414 Patent and that the filing of the Complaint constituted notice

under 35 U.S.C. § 287(a). Planview denies having knowledge of the '414 Patent or notice of Versata's infringement allegations prior to receipt of the Complaint. Planview denies any and all remaining allegations of this paragraph.

## PRAYER FOR RELIEF

Planview denies any and all allegations contained in the remainder of the Complaint and denies that Versata is entitled to any of the relief requested in its prayer for relief or to any other relief in any form whatsoever against Planview. Planview further denies each and every allegation contained in the Complaint pertaining to it and to which it has not specifically responded.

## AFFIRMATIVE DEFENSES

Planview sets forth the following affirmative and other defenses. Planview does not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to law, Versata bears the burden.

### First Affirmative Defense

(Failure to State a Claim)

33.  Versata has failed to state a claim upon which relief can be granted. The Complaint fails to allege factual allegations that would allow a conclusion that Planview infringes any of the patents-in-suit.

### Second Affirmative Defense

(Non-Infringement)

34.  Planview does not and has not directly or indirectly infringed any claim of the patents-in-suit, either literally or under the doctrine of equivalents.

### Third Affirmative Defense

(Invalidity)

35. The claims of the patents-in-suit are invalid for failing to comply with the conditions and requirements for patentability set forth in one or more sections of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Fourth Affirmative Defense

(Equitable Doctrines)

36. Versata is barred from asserting the patents-in-suit against Planview, in whole or in part, by the equitable doctrines of laches, estoppel and/or waiver.

### Fifth Affirmative Defense

(Limitation on Damages and Marking)

37. Versata's pre-lawsuit claims for damages are barred, in whole or in part, for failure to comply with 35 U.S.C. §§ 286–287.

### Sixth Affirmative Defense

(Prosecution History Estoppel)

38. By reason of the proceedings in the USPTO during the prosecution of the applications which issued as the patents-in-suit, and by reasons of amendments, disclaimers, disavowals, admissions, representations, arguments, and/or statements made therein by or on behalf of the applicants for the patents-in-suit, Versata is estopped from construing the claims of the patents-in-suit to cover and/or include any acts or products of Planview.

**Reservation of Additional Affirmative Defenses**

39. Planview reserves all defenses under the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

**COUNTERCLAIMS**

Planview, Inc. ("Counterclaimant" or "Planview"), avers for its counterclaims against Versata Software, Inc., f/k/a Trilogy Software, Inc. and Versata Development Group, Inc., f/k/a Trilogy Development Group, Inc. (collectively "Versata") herein on personal knowledge as to its own activities and on information and belief as to the activities of others as follows:

**THE PARTIES**

1. Planview is a Texas corporation, having a place of business at 8300 North Mopac #300, Austin, Texas 78759.

2. On information and belief, Versata Software, Inc., f/k/a Trilogy Software, Inc. is a Delaware corporation having a principal place of business at 401 Congress, Suite 2650, Austin, Texas 78730.

3. On information and belief, Versata Development Group, Inc., f/k/a Trilogy Development Group, Inc. is a Delaware corporation having a principal place of business at 401 Congress, Suite 2650, Austin, Texas 78730.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action arises under the patent laws of the United States, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391, as this is a judicial district in which a substantial portion of the events or omissions giving rise to the causes of action occurred and all defendants reside in this judicial district.

## GENERAL ALLEGATIONS

6. In its Complaint for Patent Infringement ("Complaint"), Versata purports to hold all right, title, and interest in U.S. Patents No. 5,432,934, No. 6,647,396, No. 6,674,450, and No. 6,907,414 ("patents-in-suit") and alleges that Planview has infringed and continues to infringe the patents-in-suit.

7. The patents-in-suit are invalid, unenforceable, and have not been and are not infringed by Planview directly, indirectly, under the doctrine of equivalents, or by contributory infringement or inducement.

8. Consequently, an immediate, real, and justifiable controversy exists between Planview and Versata with respect to validity and infringement of the patents-in-suit.

## FIRST COUNTERCLAIM

### DECLARATORY JUDGMENT OF NONINFRINGEMENT

9. Planview realleges and incorporates by reference each allegation contained in paragraphs 1-8 of the Counterclaims, inclusive, as if fully set forth herein.

10. As evidenced by the allegations in the Complaint, Versata alleges that it is the holder of all right, title, and interest in the patents-in-suit and that the patents-in-suit were duly and legally issued. Versata also alleges that Planview has infringed, and continues to infringe, the patents-in-suit.

11. Planview denies Versata's allegations of infringement. Accordingly, there exists a substantial and continuing justiciable controversy as to the infringement of the patents-in-suit.

12. Planview seeks a declaratory judgment that the patents-in-suit are not infringed, either directly, indirectly, under the doctrine of equivalents, or by contributory infringement or inducement, by any act or product of Planview.

## SECOND COUNTERCLAIM

### DECLARATORY JUDGMENT OF INVALIDITY

13. Planview realleges and incorporates by reference each allegation contained in paragraphs 1-12 of the Counterclaims, inclusive, as if fully set forth herein.

14. As evidenced by the allegations in the Complaint, Versata alleges that it is the holder of all right, title, and interest in the patents-in-suit and that the patents-in-suit were duly and legally issued. Versata also alleges that Planview has infringed, and continues to infringe, the patents-in-suit.

15. Planview denies that the patents-in-suit are valid. Accordingly, there exists a substantial and continuing justifiable controversy as to the validity of the patents-in-suit.

16. Planview seeks a declaratory judgment that the patents-in-suit are invalid and/or unenforceable for failure to satisfy one or more requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or 282.

## PRAYER FOR RELIEF

WHEREFORE, Planview requests that the Court enter judgment in its favor and against Versata on both Versata's Complaint and Planview's Counterclaim as follows:

(a)   Dismissing Versata's claims for patent infringement with prejudice and declaring that Versata take nothing by way of its Complaint;

(b)   Declaring that Planview has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, literally or by equivalents, any claim of the patents-in-suit;

(c)   Declaring that the claims of the patents-in-suit are invalid;

(d)   Ordering that Versata, its agents, and all persons acting in concert or participation with Versata, be enjoined from charging infringement of or instituting any further action for infringement of the patents-in-suit against Planview;

(e)   Declaring that this case is exceptional pursuant to 35 U.S.C. § 285, and awarding Planview its reasonable attorneys' fees, expenses, and costs incurred in this action; and

(f)   Granting such other and further relief as this Court may deem just and proper.

Dated:  December 26, 2012           WILSON SONSINI GOODRICH & ROSATI
                                    Professional Corporation


                                    By: /s/ *M. Craig Tyler*
                                        **M. Craig Tyler**
                                        ctyler@wsgr.com
                                        Texas Bar No. 794762
                                        **Jose C. Villarreal**
                                        jvillarreal@wsgr.com
                                        Texas Bar No. 24003113
                                        900 South Capital of Texas Hwy.
                                        Las Cimas IV, Fifth Floor
                                        Austin, Texas 78746
                                        Phone: 512.338.5400
                                        Fax: 512.338.5499

                                    ***Attorneys for Defendant***
                                    **PLANVIEW, INC.**

## **CERTIFICATE OF SERVICE**

I certify that on this 26th day of December, 2012, I electronically filed a copy of Planview, Inc.'s Answer to Complaint for Patent Infringement with the Clerk of the Court using the CM/ECF system, which will send notification to the following counsel of record:

Demetrios Anaipakos
danaipakos@azalaw.com
Amir H. Alavi
aalavi@azalaw.com
Ahmad, Zavitsanos, Anaipakos, Alavi
& Mensing P.C.
3460 One Houston Center
1221 McKinney Street
Houston, TX 77010

／s/ *M. Craig Tyler*
M. Craig Tyler